No. 10,905.

## WILTSHIRE *v.* WOODMEN OF AMERICA.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Action on life benefit certificate.   Judgment for defendant.

*Affirmed.*

1. PLEADING—*General Denial—Specific Admission.*   In an action on a life benefit certificate, where the pleading of plaintiff contained a general denial of defendant's status as an insurance company and also a specific admission thereof, the latter held to govern.

2. INSURANCE—*Fraternal Benefit Society—Charter Amendment.*   Retroactive amendment to the charter of a fraternal benefit society as to the age limit of members, held not to apply to one who procured his alleged membership by misrepresenting his age.

3. PLEADING—*Denial—Admission.*   In an action on a life benefit certificate, where the answer set up misrepresentations of the insured as to his age, a reply alleging that defendant knew his correct age, held to be not a denial but an admission.

4. *Reply—Estoppel.*   Allegation of a reply in an action on a life benefit certificate, concerning an alleged waiver of defendant of misrepresentation of insured as to his age, held not to be a plea of estoppel.

5. *Construction.*   Pleadings which are indefinite, equivocal or qualified, when capable of any interpretation, are to be most strongly construed against the pleader.

6. INSURANCE—*Misrepresentations.*   Material misrepresentation of the age of insured whereby he obtained membership in a fraternal benefit society to which his true age made him ineligible, held to bar a recovery on the certificate.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Messrs. RINN & ARCHIBALD, for plaintiff in error.

Mr. TRUMAN PLANTZ, Mr. JAMES A. MARSH, Mr. GEORGE P. STEELE, Mr. GEORGE H. DAVIS, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position here as below and for convenience we so refer to them.

This was a suit on a life insurance policy, or benefit certificate, of $1,000. A motion to strike and a demurrer to the replication having been sustained, and plaintiff having elected to stand thereon, judgment was entered in favor of defendant. To review that judgment plaintiff prosecutes this writ.

Plaintiff is the widow of Alfred A. Wiltshire to whom defendant issued said policy or certificate February 21, 1921. The insured died May 6, 1922. One defense was that the insured in his application gave his age as more than eighteen months less than it really was thereby representing himself as less, whereas he was more, than forty-five years of age, which was the maximum age limit for membership in defendant. Under section 2516, C. L. 1921, every life insurance policy must provide "that if age of the insured has been misstated, the amount payable under the policy shall be such as the premium would have purchased at the correct age." If defendant was an "old line insurance company" this statute was applicable and the contract was not invalidated by the alleged misstatement. If defendant was a "fraternal benefit society" its by-laws and contract were controlling and defendant was not liable. Sec. 2518, C. L. 1921.

The complaint alleges that defendant is an insurance company "commonly designated by itself as a fraternal beneficiary society, duly organized and existing under the laws of the state of Illinois and authorized to do business as such and to transact a general insurance business within the state of Colorado." The answer alleges that defendant is a fraternal benefit society organized as such under and according to the laws of Illinois and as such authorized to

do business in Colorado. The replication admits defendant's authority to do business as a fraternal benefit society, but denies the facts distinguishing it as such, alleging that it was operated for the profit of its officers, did not have a representative form of government, etc. To that portion of the replication a demurrer was sustained.

The contract of insurance sued on is made a part of the complaint. A portion of it reads: "The within benefit certificate is issued and accepted only upon the following express warranties, conditions and agreements: That Modern Woodmen of America is a fraternal beneficiary society, incorporated, organized and doing business under the laws of the state of Illinois, and legally transacting such business in the state where said member resides."

Defendant's character as determined by its charter, by the law of the state of its organization, and by its authority to operate here, was thus affirmed by the contract itself. Plaintiff's allegation was therefore a general denial and a specific admission and the latter governs. Hence that portion of the demurrer was properly sustained.

One of the express conditions contained in the certificate was that defendant's "charter or articles of association", together with certain other things therein mentioned, "shall constitute the agreement between the society and the member", and it was alleged in the answer, and not denied, that at the time of the application and at the time the certificate was delivered said charter provided that "no person shall become a beneficial member of this society who is under 17 or over 45 years of age." The only attempt to specifically deny that allegation is the assertion in the reply that said clause was amended June 21, 1921 (after the delivery of the certificate) and the maximum age limit raised to fifty, which amendment was retroactive. It is perfectly apparent, however, that such amendments were retroactive only as to those who were members at the time they were passed. They would have no application to one who had secured his alleged membership by misrepresentation as to a controlling fact.

Paragraph seven of the first affirmative defense alleges that Wiltshire in his application "answered, warranted and agreed" he was born September 2, 1877, when in fact he was born on or before February 9, 1876. The only specific answer to this allegation is in paragraph eight of the reply wherein it is denied that he so "warranted or agreed", and where, in explanation of that denial, it is stated that defendant and its employees knew Wiltshire was born February 9, 1876, or subsequent thereto. This is no denial, it is an admission. It therefore appears that at the date of the issuance of the certificate Wiltshire was ineligible to membership in defendant, and falsely stated that he was eligible.

An attempt is made in paragraph nine of plaintiff's reply to plead estoppel as to this defense. It is there said that after the death of Wiltshire the defendant, pretending to believe that he was born ten years or more prior to September 2, 1877, agreed to waive the defense if the contrary were shown; that, relying thereon, plaintiff expended much money and rendered valuable services in establishing that Wiltshire "was in fact born February 9, 1876, or subsequent thereto." Proof that he was born "subsequent thereto" might as well mean proof that he was not forty-five years old when the certificate was delivered as otherwise. This then amounts to a simple allegation that in response to defendant's offer to waive breach plaintiff proved there was no breach. This is no plea of estoppel and demurrer thereto was properly sustained. Said paragraph nine is a fair example of this entire replication, almost every material allegation of which is indefinite, equivocal or qualified. Such pleading, when capable of any interpretation, is always construed most strongly against the pleader.

Plaintiff, having elected to stand on her replication, the trial court had before it a plain case of material misrepresentation of age, whereby the insured obtained membership in a fraternal benefit society to which his true age made him ineligible, and which society is specifically ex-

cepted by section 2518, C. L. 1921, from the operation of section 2516, Id. Under such circumstances plaintiff's action could not be maintained and no other question need be considered here.

The judgment is accordingly affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE CAMPBELL concur.